EDMONDSON, Circuit Judge,
dissenting:
I believe that the District Court correctly dismissed this case.
Plaintiffs are confined in the custody of Alabama. They, in this civil action, attack the validity of their confinement; and, along with asking for money damages and other things, Plaintiffs ask to “be released.” They attack the constitutionality of the very statute (Ala.Code. § 15-20-22) under which they are held. The District Court dismissed the action.
I believe the action is barred by Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973), and its progeny, including Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The so-called procedural claim is for the creation of a procedure (the pertinent state statute on its face has none) by which they could show — by a defense that the statute does not seem to recognize— that the statute’s terms (again the statute under which they are held) cannot properly apply to them so that they must be set free. All the relief Plaintiffs seek in their complaint — including the recognition of the supposed procedural defect of which they complain — would necessarily imply the invalidity of their present detention. This case seems hardly at all like Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), to me.
Defendants in District Court raised Preiser and so on and claimed that habeas corpus relief was the sole available federal remedy, given that Plaintiffs attacked the constitutionality of their confinement. To the District Court, Defendants also specifically mention 28 U.S.C. § 2241 and 28 U.S.C. § 2254. Citing Preiser and Wilkinson, the District Court concluded that the action was barred and wrote that habeas relief would need to be pursued. The District Court did not reference either 28 U.S.C. § 2254 or 28 U.S.C. § 2241 specifically in its dismissal order.
Defendants’ raising, in District Court, Preiser and its progeny and the need first for habeas relief seems enough to preserve for appeal the Preiser bar and the necessity of Plaintiffs’ pursuing habeas relief— even if 28 U.S.C. § 2241, and not § 2254, is the correct vehicle for federal habeas in the circumstances.
I also believe that 28 U.S.C. § 2241 requires exhaustion of state remedies in a case like this one. For background, see Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1262 & n. 4 (11th Cir.2004); Fain v. Duff, 488 F.2d 218, 223 (5th Cir.1973); Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 741, 29 L.Ed. 868 (1886). So, we cannot just treat the section 1983 action as a habeas petition and go forward. For reasons of federal-state comity, the Alabama courts — which, like us, are responsible for upholding the Federal Constitution— should be given a chance to act first. I maintain that Defendants have done nothing to this point to waive an insistence upon Plaintiffs’ exhausting their state remedies.
I would affirm the decision of the District Court.